**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

YONI CRISTOBAL LOPEZ HERNANDEZ,

      Petitioner,

v.

WARDEN, Torrance County Detention Facility; EL PASO FIELD OFFICE DIRECTOR, Immigration and Customs Enforcement; U.S. ATTORNEY GENERAL; TODD LYONS; and MARKWAYNE MULLIN,

      Respondents.

Case No. 1:26-cv-01607-MIS-KRS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Yoni Cristobal Lopez Hernandez's pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed in the United States District Court for the Western District of Texas on May 7, 2026, and subsequently transferred to this District on May 19, 2026, ECF Nos. 6-7.

Petitioner is a citizen of Guatemala who entered the United States without inspection on December 17, 2022. Pet. ¶¶ 1-2. He has a child who is a United States citizen and has a pending Application for Asylum. Id. ¶¶ 3-4. Petitioner has no criminal record and has never been convicted of any crime. Id. ¶ 14.

On November 3, 2025, Petitioner was arrested and placed in immigration detention in Florida. Id. ¶¶ 6-8. While detained in Florida, an immigration judge granted Petitioner bond, but when his immigration attorney went to post bond they "were informed that the bond had been blocked due to an appeal filed by" the Department of Homeland Security. Id. ¶¶ 9-11. Petitioner

was then transferred to a facility in El Paso, Texas, and subsequently to the Torrance County Detention Facility where he is currently detained.  Id. ¶ 12; Order of Transfer, ECF No. 6 at 1.

On May 21, 2026, the Court issued an Order to Show Cause, ECF No. 9, which instructs Respondents to answer the Petition and show cause why the requested relief should not be granted. Id.  The Order further instructs Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." Id.

On June 4, 2026, the Federal Respondents filed a Response to the Petition.[1]  ECF No. 11. Therein, counsel for Respondents asserts that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but acknowledges that this Court has found that noncitizens arrested under material analogous circumstances are subject to discretionary detention under 8 U.S.C. § 1226(a). Id. at 2-3 (citing Pinto Hidalgo v. Bondi, Case No. 2:26-cv-00340-MIS-JMR, 2026 WL 522651 (D.N.M. Feb. 25, 2026); Sigcho v. Castro, Case No. 2:26-cv-00137-MIS-JFR, 2026 WL 482232 (D.N.M. Feb. 20, 2026); Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026)).  Counsel for Respondents concedes that "this Court's decision in these cases would control the outcome of this case should the Court chose to continue to follow its reasoning in those decisions—particularly regarding the legal issue of whether 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A) applies to Petitioner's detention[,]" because "[t]he facts presented in this matter are not materially distinguishable from the facts presented in those cases for the purpose of the Court's decision on this legal issue." Id. at 2.

---

[1]  The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 8.  However, as has become customary in these cases, the Warden did not respond to the Petition.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in <u>Lopez-Romero v. Lyons</u>, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. <u>See generally</u> Resp., ECF No. 11. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Yoni Cristobal Lopez Hernanez from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5.      The Court will separately enter Final Judgment in favor of Petitioner but retain

jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE